# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:15-cv-00464-MR

| | |
|---|---|
| LORA ANN MILLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11], and the Defendant's Motion for Judgment on the Pleadings[1] [Doc. 13].

## I.    PROCEDURAL BACKGROUND

On December 12, 2011, the Plaintiff, Lora Ann Miller ("Miller"), filed an application for supplemental social security income benefits, alleging an onset date of January 1, 2001. [Transcript ("T.") 168]. Miller's application was denied initially and on reconsideration. [T. 80, 96]. Upon Miller's request, a hearing was held on March 10, 2014, before Administrative Law

---

[1] The Defendant's Brief is titled, "Memorandum of Law In Support of the Commissioner's Motion for Summary Judgment." [Doc. 14].

Judge ("ALJ") Todd. D. Jacobson, in Charlotte, North Carolina. [T. 32]. Present at the hearing were Miller; Miller's non-attorney representative, Melissa Wilson; and Lavonne Brant, vocational expert ("VE"). [Id.]. On June 12, 2014, the ALJ issued a written decision denying Miller's application. [T. 18-27]. On June 23, 2014, the Appeals Council denied Miller's request for review [T. 1-5], thereby making the ALJ's decision the final decision of the commissioner. Miller has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

2

(internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2012). The claimant "bears the burden of proving

that he is disabled within the meaning of the Social Security Act." English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993). In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

At the first step, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. 20 C.F.R. §§ 404.1520; 416.920. If not, the case progresses to the second step where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies or a combination thereof which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id. Third, if a severe impairment is shown and meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. Fourth, if the severe impairment does not meet any of the Listings, then the ALJ determines the claimant's residual functional capacity ("RFC") and reviews the physical and mental

4

demands of work done in the past. If the claimant can still perform his/her prior work despite the severe impairment, then a finding of not disabled is mandated. Id. If the claimant has a severe impairment but cannot perform past relevant work, then the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work that exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006) (noting Commissioner bears evidentiary burden at step five). The Commissioner may meet this burden by relying on the Medical–Vocational Guidelines ("Grids") found at 20 C.F.R. 404, Appendix 2 to Subpart P, if applicable, or by calling a VE to testify. 20 C.F.R. §§ 404.1566; 416.966; 416.969. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled.

**IV.   THE ALJ'S DECISION**

At step one, the ALJ found that Miller had not engaged in substantial gainful activity since her application date of December 12, 2011. [T. 20]. At step two, the ALJ found that Miller had the following severe impairments: obesity; arthritic changes of the bilateral hands (subjectively referred to as carpal tunnel syndrome); degenerative changes of the right knee; joint space

5

narrowing of the left knee; calcaneal spurring with bunions of the first metatarsal head in the bilateral feet; anxiety disorder; and depressive disorder. [Id.]. At step three, the ALJ found that the Miller did not have an impairment or combination of impairments that met the Listings. [T. 21]. At step four, the ALJ found that Miller had no past relevant work, and had the RFC to perform light work as defined in 20 C.F.C. § 416.967(b) except: "she is limited to frequent bilateral handling and fingering; she is limited to unskilled work with occasional public contact; and she cannot work at a production pace." [T. 23, 25]. At step five, relying on the testimony of the VE, the ALJ found that in light of Miller's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Miller can perform. [T. 26]. As a result, on June 12, 2014, the ALJ found that Miller was not disabled within the meaning of the Act, at any time from the alleged onset date through the date of the decision. [T. 27].

## V.   DISCUSSION[2]

Miller first argues that the ALJ erred in assessing her RFC because the ALJ failed to conduct a function-by-function analysis of her work-related abilities in light of his findings of Miller's mental limitations. RFC is an

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

administrative assessment by the Commissioner of what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184, at *1 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c). In assessing a claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments, including those non-severe impairments, after considering all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a). In determining a claimant's RFC, the ALJ must first identify the claimant's functional limitations or restrictions and then assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p, 1996 WL 374184, at *1. The ALJ also must include a narrative discussion detailing how the evidence in the record supports the RFC assessment. Id. at *7.

Here, at step two, the ALJ found that Miller has severe impairments, including anxiety disorder and depressive disorder. [T. 20]. At step three, the ALJ found that those severe impairments resulted in: "mild restriction" of activities of daily living; "moderate difficulties" in social functioning; and "moderate difficulties" with regard to concentration, persistence or pace. [T. 22]. Despite having identified the aforementioned limitations, however, the ALJ did not complete the requisite function-by-function analysis at step four. Specifically, the ALJ did not discuss what effect, if any, Miller's restrictions in

activities of daily living has on her ability to engage in work on a sustained basis. The ALJ did not discuss how Miller's moderate difficulties in social functioning would impact her ability to respond to supervision, criticism, or correction. Further, the ALJ did not discuss how Miller's moderate difficulties with concentration, persistence or pace would affect her ability to stay on task for a full workday.

The Defendant points out that the ALJ modified Miller's RFC to take into account her limitations. Indeed, the ALJ limited Miller to unskilled work, at a non-production pace, with occasional public contact. The ALJ did not, however, sufficiently explain why he made these adjustments or how they would accommodate Miller's limitations.

Social Security Rule 96-8p requires, at the very least, some functional analysis of Miller's ability for specific work-related mental functions, such as her ability to "understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." SSR 96-8p, 1996 WL 374184, at *6. Therefore, the ALJ's failure to conduct the requisite analysis constitutes error requiring remand.

The Defendant alternatively argues that the ALJ was not obligated to perform the SSR 96-8p analysis because the evidence showed that the Miller was not, in fact, impaired. The Defendant notes that the ALJ made numerous findings that would indicate that Miller had no medically determinable mental impairments. For instance, the ALJ noted that Miller alleged an onset date of 2001 but first sought mental health treatment in 2012; that she sought treatment for stress caused by an ongoing custody battle with her ex-husband; and that she reported never having previously received mental health treatment, hospitalizations, or medications. [T. 25]. In addition, the Defendant points out the ALJ's finding that Miller's symptoms were controlled by a mild psychotropic medication, [Id.], thus negating any finding of disability. [Doc. 14 at 8 (citing Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling.").

This argument, however, is unavailing. The issue is not whether there is substantial evidence to support a finding that Miller is not, in fact, mentally impaired. The ALJ found that Miller *was* impaired at steps two and three, but then at step four, either concluded that she was not impaired, or failed to complete the requisite function-by function analysis of her impairment(s). Because the ALJ's decision leaves this Court to guess about how the ALJ

9

arrived at his conclusions, it must be remanded.  See Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**, and the Defendant's Motion for Judgment on the Pleadings [Doc. 13] is **DENIED**.  Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.  A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: August 1, 2016

Martin Reidinger
United States District Judge