THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:15-cv-00464-MR

| | |
|---|---|
| LORA ANN MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Consent Motion for Fees under the Equal Access to Justice Act [Doc. 19].[1]

The Plaintiff seeks an award in the amount of $5,000.00 in full satisfaction of any and all claims by the Plaintiff in this case pursuant to EAJA. [Doc. 19]. The Defendant consents to that award. [Id.]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees

---

[1] The Plaintiff previously filed a Motion Fees under the Equal Access to Justice Act [Doc. 17], seeking a higher award of fees. By the filing of the present Consent Motion, the Plaintiff appears to have abandoned her previous motion. Accordingly, the Plaintiff's first motion for attorney's fees [Doc. 17] will be denied as moot.

unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

The Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as her assignee. In support of this request, the Plaintiff has submitted an assignment executed by the Plaintiff, pursuant to which the Plaintiff has agreed to assign any EAJA fee award in favor of her counsel. [Doc. 19-1]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to her attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 286 (2010).

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Consent Motion [Doc. 19] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Five Thousand Dollars ($5,000.00), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) The Plaintiff's Motion for Fees [Doc. 17] is **DENIED AS MOOT**;

(3) The Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide a valid fee assignment to the Defendant;

(4) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(5) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: November 11, 2016

Martin Reidinger
United States District Judge